UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOIS LATRILLA PHILLIPS,<br><br>    Petitioner,<br><br>    v.<br><br>T. JUSINO, Warden,<br><br>    Respondent. | Case No. 22-cv-05220-VKD<br><br>**ORDER OF TRANSFER**<br><br>Re: Dkt. No. 6 |

    Ms. Lois Latrilla Phillips, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming she is entitled to earned time credits under the First Step Act. Dkt. No. 1 at 2, 6. Ms. Phillips has filed a notice of change of address and a motion for this matter to be transferred to her current district of confinement. Dkt. Nos. 5, 6.

    Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Court has interpreted the "within their respective jurisdictions" language of § 2241 to mean that the court issuing the writ must have jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 440-42 (2004). At the time Ms. Phillips filed this action, the custodian was in Dublin, which lies within this Court's jurisdiction. Dkt. No. 1 at 1. However, Ms. Phillips' current custodian is now the Federal Prison Camp Greenville of Bond County, which lies within the Southern District of Illinois. 28 U.S.C. § 93(c).

    Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976), and therefore exercise discretion in transferring petitions to the district of

confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). *See id.* This practice is supported by the fact that a prisoner's records follow her to the place of incarceration and in that it promotes uniformity in the filing of § 2241 petitions. A transfer to the district of confinement on convenient forum grounds is therefore preferable as long as no undue delay is created. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988) ("Delay is undesirable in all aspects of our justice system, but it is especially to be avoided in the sensitive context of habeas corpus."). Accordingly, in the exercise of its discretion, and on convenient forum grounds, the Court finds that this case should be transferred to the district of confinement, *i.e.*, the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 1404(a). Accordingly, Ms. Phillips' motion is GRANTED. Dkt. No. 6.

The Clerk of the Court shall terminate all pending motions and transfer the entire file to the Southern District of Illinois.

**IT IS SO ORDERED.**

Dated: November 29, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge